IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


MARIA DEL ROSARIO ATILANO LOPEZ
and as Next Friend of JETHSANNI
ESMERALDA TORRES ATILANO,
MARY CRUZ TORRES ATILANO,
RUBEN TORRES ATILANO, and
OMAR TORRES ATILANO,
Minor Children,

        Plaintiffs,

v.                                 CIV-06-657 DJS/WDS

ROSANNA ALMAGUER, AND
ANDRES SOTO, JR., ANDRES SOTO, SR.
AND ROSA E. SOTO,

        Defendants.


## FINDINGS AND RECOMMENDATION

      THIS MATTER is before the Court for approval of the parties' settlement agreement.

Magistrate Judge Don J. Svet is presiding by consent of the parties, and he referred this matter to

me to hold a fairness hearing since the negotiated resolution involves release of the minor

childrens' claims. *(Doc. 30).* The Court conducted a fairness hearing on August 1, 2008.

Enrique Palomares was appointed the *guardian ad litem* for the minor plaintiffs Jethsanni

Esmeralda Torres Atilano, Mary Cruz Torres Atilano, Ruben Torres Atilano and Omar Torres

Atilano on January 8, 2008 *(Doc. 27).* The "Report of the Guardian Ad Litem" ("Report") was

filed with the Court on the day of the hearing at which all parties and counsel appeared

telephonically. *See Docs. 32-33.* The Court conducted the hearing using a court-certified

interpreter as Mrs. Lopez speaks no English.

*Findings*

On the evening of December 4, 2004 while walking home in Hobbs, Omar Torres Hernandez was struck and killed by a car driven by Rosanna Alamguer. Both the driver and her passenger boyfriend Andres Soto, Jr. were drunk at the time, and they did not stop after the collision. Both defendants later claimed that they were unaware that any accident had occurred. The vehicle involved belonged to Andres Soto's parents, defendants Rosa and Andres Soto, Sr.

Plaintiffs are the widow and four minor children of the deceased. The Mexican Consulate contacted attorney Colbert Coldwell, who agreed to take on representation for Plaintiffs in a wrongful death lawsuit. The Consulate provided $1,500 to Coldwell who then used the funds to pay attorney Mark Taylor to handle the New Mexico probate of the estate. As of the time of the hearing, the probate matter had not yet concluded and only $200 of the $1,500 remains unused. Mr. Coldwell anticipates that he will be responsible for paying whatever it takes to wrap up the probate proceedings. Attorney Shane Keith agreed to serve as administrator of the estate.

Coldwell discovered that although liability was clear,[1] neither Almaguer nor Soto, Jr. had insurance or any assets available to satisfy a judgment against them. After diligent efforts, Coldwell discovered an Allstate automobile insurance policy (No. 9362-09976) issued to Soto's parents that provided minimal coverage in the amount of $25,000/person and $50,000/incident. Although liability as to the parents is questionable, Allstate was nonetheless willing to offer the $25,000 policy limits in exchange for a full and complete release of all claims against all defendants. No other assets are available from any of the defendants to satisfy a judgment.

---

[1] The Hobbs' police report of the incident describes a thorough investigation and is forty pages long.

From Mr. Colwell's perspective, this case presented numerous difficulties, including Spanish-speaking plaintiffs from deep within Mexico, the fact that the deceased was illegally in the United States working as a farm laborer, and judgment-proof defendants.  Until the discovery of the insurance policy, there was a very real risk of no recovery at all.  And as set forth below, this tragedy has deeply affected the family Mr. Lopez left behind.

As the *guardian ad item's* report reveals, since her husband's death, Mrs. Lopez has been totally dependent on her parents for support.  She and her children reside with her parents in a small two-bedroom home with a kitchen located in Lerdo, Durango, Mexico.  There is no bathroom, only an outhouse.  Although the house does have potable water and electricity, Mother and her children bathe inside the house in a small tub.  Because there is no hot water heater, water for bathing is heated on the stove or fireplace.  All clothing is washed by hand.  There is no refrigerator or kitchen cabinet, so food must be prepared on a daily basis.  Because there is a shortage of food, Mrs. Lopez suffers from anemia.  Mrs. Lopez shares a bed with all four of her children.

The report describes a close and loving family with the children attending school and no major behavioral problems.  Indeed, the children sound very well adjusted.  The financial challenges for this family are great, and even the minimal insurance proceeds discussed above will provide significant opportunities to Plaintiffs.

Of the $25,000 settlement amount, Plaintiffs have proposed, and I find fair and reasonable under all of these circumstances, the following distribution.  Mr Coldwell has agreed to reduce his 40% contractual percentage of attorney fees to one-third resulting in an attorney fees to him in the amount of $8,332.33, and attorney fees for administrator Shane English in the amount of $1,728.90.  As the widow, and in accordance with New Mexico's wrongful death

distribution scheme, the widow Maria Del Rosario Atilano Lopez is to receive one-half of the remaining proceeds – $7,469.89.  As to the children's shares, each will receive $1,867.22 to be held in trust by Shane English until the child reaches the age of 18 years.

Mrs. Lopez understands that this is all the money that the family will receive for their injuries related to the death of her husband.  I find that she is entering into this settlement knowingly and voluntarily after having sufficient opportunity to discuss the case with her attorney.

### *Conclusions of Law and Recommendation*

After consideration of the presentations of counsel, the Court concludes that it has jurisdiction over the parties and subject matter.  The Court further concludes that the settlement is fair and reasonable under the circumstances, and acceptance of the settlement is in the best interests of the minor children.  The Court therefore recommends that the settlement be approved and that the claims against  all the Defendants be dismissed with prejudice.  After being informed of their right to file objections to my findings and recommendations, all parties have agreed to waive that right since they are in agreement with the proposed disposition.


_____
UNITED STATES MAGISTRATE JUDGE